IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 19-CR-1050-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| GINA CHRISTA URBAIN, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING BRIEF

The only remaining issue to resolve for sentencing is the defendant's ability to pay a fine and the imposition of the $5,000 special assessment.

**I. FACTS**

On August 18, 2020, defendant pled guilty to Possession of Child Pornography and Sexual Exploitation of Children. (PSR ¶ 1). Defendant agreed to a sentence of 360 months' imprisonment and is currently age 37. (PSR page 1; ¶ 3)

Since 2005, defendant has been on disability. (PSR ¶ 111). Her last verified employment ended in 2008 when she was employed as an envelope stuffer working at a business where her sister was the office manager. (PSR ¶ 112). She reports she also worked as a cook at a gas station and at a fast-food restaurant, and as a lifeguard. (PSR ¶ 113). The Social Security Administration reports no earnings for her since 2013. (PSR ¶ 14). Defendant is owed restitution in the amount of $3,000 due to items being stolen from her residence following her incarceration. (PSR ¶ 116 n. 6).

## II. ANALYSIS

USSG §5E1.2(a) states, "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."

"Since the word "shall" is present in both the Guidelines and the Code, the district court must take into account these factors or at least the factors relevant to the particular case before it." *United States v. Berndt*, 86 F.3d 803, 808 (8th Cir. 1996) (citations omitted). It is defendant's burden to show that he cannot pay a fine. *Id*. The defendant in *Berndt* has a net worth of -$95,255. *Id*. at 807.

In subsection (d) the USSG §5E1.2 continues:

In determining the amount of the fine, the court shall consider:

(1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;

(4) any restitution or reparation that the defendant has made or is obligated to make;

(5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a similar offense;

(7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and

(8) any other pertinent equitable considerations.

The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.

*Id.*

The government notes that even if the Court decides defendant cannot pay the full amount it can impose a fine below the guideline range. *United States v. Little Bear*, 413 Fed. Appx. 942, *2 (8th Cir. 2011) (unpublished) (defendant fined $750 which was below the guideline range of $6,000 to $60,000).

The court is required to assess a special assessment pursuant to 18 U.S.C § 3014 for both counts defendant pled to unless it finds defendant to be indigent. *Id*. (PSR ¶ 141).

Under *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), an analysis of a defendant's "current financial situation and his ability to pay in the future is appropriate in determining his non-indigent status." *Id.* at 801. If the Court finds that defendant is indigent, then the $5,000 special assessment under 18 U.S.C. § 3014 will not apply.

Here, while the defendant has no outstanding financial obligations, the Presentence Report notes that defendant does not appear to have the ability to pay a financial penalty. The government has no evidence to the contrary. While defendant is owed restitution herself, the likelihood that will be collected in part or

3

full is unknown. It does not appear defendant has the ability to pay a fine or special assessment pursuant to § 3014.

## III. CONCLUSION

Because the Court will likely find that defendant is indigent, it is not required to impose a fine or the special assessment pursuant to 18 U.S.C. § 3014.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: */s/ Emily K. Nydle*

EMILY K. NYDLE
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
Emily.Nydle@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ RAL*